IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAXIMINO JIMENEZ BARRAZA, | ) | No. CV-F-09-1356 OWW |
| | ) | (No. CR-F-05-258 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| vs. | ) | OR CORRECT SENTENCE PURSUANT |
| | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| UNITED STATES OF AMERICA, | ) | ENTER JUDGMENT FOR |
| | ) | RESPONDENT AND TO CLOSE |
| | ) | CIVIL CASE |
| Respondent. | ) | |
| | ) | |

On July 30, 2009, Petitioner Maximino Jimenez Barraza, proceeding *in pro per*, filed a "motion for time reduction by an inmate in federal custody under Title 28 U.S.C. § 2255." As grounds for relief, Petitioner asserts that the United States can offer up to two points downward departure if a defendant accepts a final deportation order, and that his sentence violates equal protection and due process because a defendant who is an alien is deprived of the opportunity to earn a one year reduction of

1

sentence "through a drug program three months half-way house to prepare to re-assimilate, a Unicor job, with good wages and other benefits."

Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiracy to possess with intent to distribute a controlled substance, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Pursuant to the Plea Agreement, Petitioner agreed as follows:

> The defendant agrees not to seek any downward departures that would result in a sentence of less than 96 months imprisonment. The defendant understands and agrees that this agreement by him includes, but is not limited to, not presenting the court with any other information in an effort to obtain a lower sentence, not moving for a downward departure of his offense level, criminal history category, or criminal history points as defined by the United States Sentencing Guidelines. This also includes not requesting that any portion of his sentence run concurrent to any criminal justice sentence that he may be serving. The defendant agrees that any of the actions listed in this paragraph constitutes a breach of this agreement and the government shall be permitted to withdraw from the plea agreement.
>
> ...
>
> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence which is in accordance with the maximum provided in the statute(s) of conviction (or the manner in which that

|   |   |
|---|---|
| 1 | sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any other ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255. |

Petitioner was sentenced on November 21, 2006 to 96 months incarceration and 60 months supervised release.  Petitioner did not file a Notice of Appeal.

Petitioner's Section 2255 motion is untimely.  Motions pursuant to Section 2255 are subject to a one-year limitation period.  Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the one year limitation period commenced on November 30,

2006.

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id*. at 1288-1289.  Petitioner makes no showing that he is entitled to equitable tolling of the one-year limitation period.

Petitioner expressly waived his right to challenge his conviction or sentence pursuant to Section 2255.  A defendant may waive the statutory right to bring a Section 2255 motion challenging his conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied,* 508 U.S. 979 (1993).  The Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S.

4

**1074 (2006).  Here, Petitioner makes no claim that the his plea was involuntary or that counsel was ineffective in advising him to accept the waiver of the right to collaterally attack his conviction or sentence in the plea agreement.**

**For the reasons stated:**

**1.  Petitioner Maximino Jimenez Barraza's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;**

**2.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and to close the civil case.**

IT IS SO ORDERED.

**Dated:   September 3, 2009**             /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE